IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHONG SU YI, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-16-2038 |
| PROGRESS PLACE, et al., | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

The above-captioned Complaint was filed together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears to be indigent, the motion shall be granted.

The Complaint characterizes the facts and arguments in this case as:

Plaintiff has invented convenient way to carry disposable tissues; including paper towels; The paper towel is folded into square elongated oblong rectangle shape; with 4 panels; are available; so when unfurl; each narrow panel could be ripped; for each use; or more; could be done; folding is unique; because it's not folded half clam shell contra; there is no unwanted trailing items; its placement is unique side by side four in tier, top and bottom tier than tilt; and accessibility in reusable slide lock system is unique; it could be single sheet or multiple; with 4 or less per item; single sheets are folded to squares; 8 in pack; And during field trial; it was stolen from homeless shelter while plaintiff was doing business at homeless shelter; due to lack of clear policy to prevent theft by adjacent person; and enforcement therein; loss of prototype; during field trial is important loss; needs court's adjudication.

. . . . .

Plaintiff invented a product which is novel way to solve problem and it is unique; and theft by homeless shelter, and county; due to its policy; Any place has personal space; which information could not be readily overheard; from social security administration to bank; and homeless shelter owned by county and state; did not have clear policy; of personal space relative to task being resolved; retrieving mail. Prototype was used and person was next to me and while I grabbed the mail; during hand over; person stole the unique prototype; there never was enforcement; of personal space; there is no warning sign; of any type; keep items with yourself; all times; there are no security measures; video camera shows blur image; could not see image of going on; The County and Progress Place were negligent in its security measures.

> Invention is to move paper towel to zip lock bag; or slider lock; and became unique and novelty item; because of its reseal-able ability; and its content was engineered side by side; similar to packaged stacked diapers but in 4 in each tier; each item involved paper towel; two sheets; but found a company perforated into 4 elongated strips; from two sheets; They are folded along the perforation; then transversely folded; and transversely folded again; to create rectangle profile; than square; which did not work well; and once folded simply created too much friction surface; with adjacent folded item; and found it sticks to adjacent folded items; so wax paper might be good; or coating; to prevent sticking; Plaintiff was in third month into field trial; when a porotype was stolen from homeless shelter; and plaintiff has bought 20 rolls of paper towel; from February to end of May; Invention was in conjunction baby wipe; or wet towelette; US district court case #: TDC 162016; now adapts as if it's written in here; To reiterate; its wet towelette given slider lock; or zip loc bag; as packaging; due to its problems; being ductile; placid; the paper towel; more sturdy format was chosen; as its own invention; And it was stolen from plaintiff; and each incident is worth 250,000 for mental stress; in that they have stolen from invention; prototype in field test; 120 days at 250,000 dollars is 30milion dollars and asserts 100 times punitive damage; This is just cause because January 4th thereabout plaintiff was directed to Progress Place; but first night; copy of key was made; and person or persons drove 200miles plus; and returned the car; since then unknown parties have stolen prototype; knowingly or unknowingly; what they are stealing was expensive item; At first it was simple four pieces of single sheet of paper towel; and gradually expanded to 2 sheets of paper towel into folded multiple times; and it took place every day;

Compl. ¶¶ 4, 6, ECF No. 1.

Plaintiff seeks damages in the amount of "30 million dollars; for the loss of original proto type by theft; And plaintiff is asking 100 times in punitive damage." *Id.* ¶ 7.

This Complaint is filed under 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). In this context, this Court is mindful of its obligation to liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a *pro se* complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations.... It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf with regard to his purported invention of a way to fold tissues and paper towels. A separate Order follows dismissing this case.

August 29, 2016
Date

Paul W. Grimm
United States District Judge